IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN THOMAS, | § | |
|     Plaintiff, | § | |
| v. | § | Civil Action No. 3:20-CV-3437-L-BH |
| | § | |
| PAMELA CADWALANDER, et al., | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Motion for Default Judgment*, filed December 6, 2021 (doc. 49). Based on the relevant filings and applicable law, the motion for default judgment should be **DENIED**, and the case should be **DISMISSED** *sua sponte*.

### I. BACKGROUND

John Thomas (Plaintiff) brings this action against Pamela Cadwalader (Defendant) and Vicki Terry for common law fraud, alleging a stock trading scam by which they defrauded him into transferring money into their personal accounts. (*See* docs. 3 at 1-5, 11 at 1-14.)[2] On or about May 20, 2020, Vicki forwarded Plaintiff the following email to her from Defendant, which contained Robinhood's logo:

> Vicki,
>
> Your deposits into robinhood are regarded as stocks. You should also be notified that you cannot deposit more than $50,000.
>
> This is another assurance that whatever dollar you put in will give birth a hundred percent in 5 business days.
>
> Congrats.

---

[1]Under *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

> Sincerely,
>
> Pamela Cadwalader
> Robinhood Trader

(docs. 3 at 9; 11 at 4.)[3] According to Vicki, because she had invested with Robinhood[4] for over 15 years, it was going to "double" the funds deposited into her account within five days as a gift. (docs. 3 at 10; 11 at 5.) She stated that Defendant was a "website creator" for Robinhood who taught her how to trade stocks, and that she knew the "codes and cheats of [the] website[]." (*Id.*) Defendant told her that she should send the funds to Defendant's bank account "to dodge [R]obinhood's 4 business days waiting period," and that she would immediately send the stocks directly from her trading account into Vicki's Robinhood account. (*Id.*) From between May 20, 2020 and June 11, 2020, allegedly Defendant wired $79,900 to Defendant's bank account, and on May 22, 2020, Plaintiff was provided screenshots of Vicki's Robinhood account showing that the wired funds had been transferred to her account and were "doubling." (docs. 3 at 11-13, 16; 11 at 2-3, 6-8, 11.)

An email from Robinhood to Vicki dated June 23, 2020, stated that a request to transfer $211,140 from Vicki's Robinhood account to Plaintiff's bank account had failed. (docs. 3 at 5;11 at 10.) Plaintiff contacted Robinhood, and he was informed that it did not have accounts for Vicki or Defendant, and that it did not employ Defendant. (docs. 3 at 15-16; 11 at 9-10.) It also advised him that the screenshots provided to him had been altered. (*Id.*) Plaintiff filed complaints against Defendant and Vicki with the Financial Industry Regulatory Authority (FINRA), the Dallas Police Department (DPD), the Federal Trade Commission (FTC), and the Federal Bureau of Investigation

---

[3] Plaintiff was sent a Magistrate Judge's Questionnaire (MJQ) to obtain more information about his claims, and he filed his verified answers under penalty of perjury on December 3, 2020. (*See* doc. 11.)

[4] Robinhood is a retail brokerage company that provides an online platform for stock trading and investing. *See* https://robinhood.com/us/en/support/articles/investments-you-can-make-on-robinhood/ (last visited March 15, 2022).

(FBI). (docs. 3 at 17-23; 11 at 3.)

On November 18, 2020, Plaintiff filed this action against Defendant and Vicki for common law fraud. (*See* doc. 3.)  A summons was issued for Defendant on March 11, 2021, and Plaintiff served her on April 5, 2021. (*See* docs. 21, 24.)  On April 13, 2021, Defendant submitted a notice advising the Court that she had filed for Chapter 13 bankruptcy on November 20, 2019. (doc. 25.) The claims against her were severed from the original action, filed in a new case, and stayed under § 362(a) of the Bankruptcy Code. (doc. 29.)  On September 1, 2021, Plaintiff submitted notice of a stipulated order filed in the bankruptcy case, which stated that the automatic stay did not stay the claims against Defendant. (doc. 30-1.)  The case against Defendant was reopened and consolidated with this case on September 22, 2021. (doc. 35.)

On October 20, 2021, Plaintiff sought entry of default as to Defendant, and it was entered the following day. (*See* docs. 42-43.)  He now moves for default judgment against Defendant. (*See* doc. 49.)[5]

## II.  MOTION FOR DEFAULT JUDGMENT

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*

---

[5]Plaintiff voluntarily dismissed the case against Vicki under Rule 41(a) of the Federal Rules of Civil Procedure on December 2, 2021. (*See* docs. 47-48.)

*Co.*, 84 F.3d at 141. Here, because Defendant has failed to plead or otherwise defend, and Plaintiff has obtained an entry of default on her, the first two requisites for a default judgment have been met. (*See* docs. 21, 24, 43.) Remaining for determination is whether a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is

4

appropriate. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

A.    **Procedural Requirements**

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see Lindsey*, 161 F.3d at 893 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685); *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (same).

Plaintiff seeks to recover the $79,900 he wired to Defendant's bank account. (doc. 11 at 3.)[6] He provides copies of his bank statements, his correspondence with Robinhood, the screenshots of Vicki's account, the filings in Defendant's bankruptcy case, and a spreadsheet of the funds wired to Defendant's bank account. (*See* docs. 49-1, 49-2.)

Under the first factor, although the total amount requested could be considered substantial, that "is not dispositive." *US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016

---

[6]Plaintiff's MJQ answers constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

WL 3752964, at *3 (N.D. Tex. June 17, 2016), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11, 2016). Regarding the second factor, there are no material issues of fact in dispute, as Defendant has failed to file any responsive pleadings in this case. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Although the default appears to be technical in nature (third factor), Plaintiff is prejudiced and harmed by the continued delay in this case, which is the fourth factor. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts given that Defendant has received ample notice of this action and sufficient time to respond. *See Lindsey*, 161 F.3d at 893; *see also J & J Sports Prods.*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond to Plaintiff's Complaint or otherwise appear in this case for the past ten months 'mitigat[es] the harshness of a default judgment.'") (citations omitted). The seventh, eighth, and ninth factors similarly favor default judgment because Defendant has not offered any evidence that her failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. *See Lindsey*, 161 F.3d at 893.

Because Defendant was properly served in this action and failed to answer or otherwise defend herself, the grounds for default judgment are clearly established. (*See* docs. 24, 42.) Accordingly, the procedural prerequisites for a default judgment are satisfied. *See Ramsey*, 2016 WL 1701966, at *3.

B.      **Entitlement to Judgment**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.* at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

Plaintiff asserts a cause of action against Defendant for common law fraud. (*See* doc. 11 at 2.) In Texas,[7] the elements of common law fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant

---

[7] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the alleged facts underlying Plaintiff's complaint appear to derive from conduct that occurred in, or were directed to, the State of Texas. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."). The parties do not dispute that Texas law applies.

7

made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotations and citations omitted). "[F]raud claims that do not meet the heightened pleading standard in federal court are not well-pleaded and cannot support a default judgment." *Edge Adhesives, Inc. v. Sharpe Concepts, LLC*, No. 4:15-CV-405-O, 2015 WL 12743618, at *3 (N.D. Tex. Aug. 31, 2015).

      Here, Plaintiff alleges that Defendant emailed Vicki about "doubling" $50,000 in five days, and that he then transferred $79,900 to Defendant's bank account "based on the request by Vicki Terry." (doc. 11 at 2, 13.) He attaches the email Defendant sent to Vicki, and he appears to copy the email message from Vicki, which states that the funds should be transferred to Defendant's bank account. (*Id.* at 4-5.) He also alleges that Defendant "and/or" Vicki altered "real screenshots and messages from Robinhood" to show that his funds were "transferred to Robinhood and that the funds

8

were in fact 'doubling.'" (*Id.* at 3.)  He attaches copies of the screenshots, as well as Robinhood's response, informing him that the screenshots were altered, that Vicki and Defendant did not have accounts with Robinhood, and that Defendant did not work for Robinhood. (*Id.* at 6-10.)

While Plaintiff's complaint appears to nominally lay out the necessary elements of a fraud claim in Texas, it fails to allege facts sufficient to establish all of the elements of a plausible fraud claim against Defendant.  Notably, the complaint does not identify any material misrepresentations made by Defendant to Plaintiff. *See Potter*, 607 F.3d at 1032-33.  Although Plaintiff provides an email that Defendant purportedly sent to Vicki with false representations about "doubling" funds deposited in her Robinhood account, there are no allegations that Defendant directed Vicki to send that email to Plaintiff, or that she made the representations with the intent that he act on them. (*See* doc. 11 at 4.)  He further fails to allege any facts that Defendant had knowledge or acted recklessly. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) ... [because] the plaintiffs must set forth *specific facts* supporting an inference of fraud[,] ... such as identify[ing] circumstances that indicate conscious behavior on the part of the defendants.") (citations omitted) (emphasis original). Plaintiff has failed to set forth a substantive cause of action for fraud against Defendant, and his motion for default judgment should be denied. *See, e.g., Jyue Hwa Fu v. Yeh Chin Chin*, No. 3:18-CV-2066-N-BN, 2020 WL 4296360, at *5 (N.D. Tex. May 6, 2020), *adopted by* 2020 WL 4287590 (N.D. Tex. July 27, 2020) (denying default judgment on fraud claim against defendant because the allegations of fraudulent conduct involved a co-defendant and it was unclear from the complaint how defendant was connected to the fraudulent investment scheme); *Compass Bank v. Villarreal*, No. CIV.A. L-10-8, 2011 WL 1740270, at *12 (S.D. Tex. May 5, 2011) (denying default

judgment on fraud claim against defendant who withdrew funds wrongfully deposited into his account because plaintiff failed to identify any statements made by defendant "that might form the basis of its fraud claim"). Because Plaintiff has failed to meet the heightened pleading requirement of Rule 9(b), his fraud claim against Defendant should also be dismissed *sua sponte* for failure to state a claim.[8]

### III.  RECOMMENDATION

Plaintiff's motion for default judgment should be **DENIED**, and the fraud claims against Defendant should be **DISMISSED with prejudice** *sua sponte*.

**SO RECOMMENDED** on this 17th day of March, 2022.

‌_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] A district court may *sua sponte* dismiss a claim for failure to state a claim, as long as the plaintiff has notice of the court's intention and an opportunity to be heard. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *see also Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp.2d 786, 808 (N.D. Tex. 2014). The fourteen-day time frame for objecting to a recommended dismissal provides the requisite notice and opportunity. *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE